# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP AND MOBILESTAR TECHNOLOGIES, LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>HTC CORPORATION AND HTC AMERICA, INC.<br><br>    Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 13-cv-0895-JRG<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF
# MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY

Principles of judicial economy and comity shift the balance decidedly in favor of transferring this case to the Northern District of California ("N.D. Cal."). Just last week, Chief Judge Claudia Wilken in N.D. Cal. ruled that Google's case in that court, involving the same seven patents at issue in this case and the same Android operating system installed on mobile devices at issue in this case, would proceed there. Holbreich Supp. Decl., Ex. 11 [*Google Inc. v. Rockstar Consortium U.S. LP*, Case No. 4:13-cv-5933-CW, Dkt. No. 58 (N.D. Cal. Apr. 17, 2014)] ("ND Cal Opinion"). Chief Judge Wilken denied the request of Rockstar Consortium U.S. LP and MobileStar Technologies, LLC (collectively, "Rockstar") to transfer the case to the Eastern District of Texas ("E.D. Texas"). Thus, issues of claim construction, patent validity and infringement for each of the seven patents will be decided in N.D. Cal.

As this Court recently articulated, "two district courts making independent decisions regarding whether the same accused technology infringes the same set of patents…runs directly counter to the principles of judicial economy and comity." *Id.*, Ex. 10 [*ContentGuard Holdings, Inc. v. Google Inc.*, Case No. 2:14-cv-00061-JRG, Dkt. No. 38 (E.D. Tex. Apr. 16, 2014)] at 11. This Court's reasoning controls here. Chief Judge Wilken already has determined that the issue of whether "any version of Google's Android platform" directly or indirectly infringes the seven asserted patents will be decided in N.D. Cal. *Id.*, Ex. 12 at ¶¶25-26.

In addition to judicial economy and comity, witness convenience factors favor transfer: Apple, which paid a controlling purchase price for the asserted patents is based in N.D. Cal., as are the Android engineers employed by Google. None of HTC's witnesse are located in Texas; all are in Washington State and Taiwan. Likewise, Rockstar's operations are based in Canada, not Texas. Holbreich Suppl. Decl., Ex. 11 at 27; Ex. 20 at 5.

**I.      Judicial Economy and Comity Require Transfer of this Case to N.D. Cal.**

The Complaint in this case alleges that mobile communication devices having a version

1

of the Android operating system infringe each of the seven asserted patents. Dkt. Nos. 1, 23 at ¶15. The N.D. Cal. complaint alleges that no version of the Android platform on any mobile device infringes the same seven patents. Holbreich Supp. Decl. Ex. 12 at ¶25. Rockstar's attempt to re-cast its allegations as "*not* about Android" and the '551 patent as having "no tie to Android" are contrary to its own complaint. Opp. at 2. Rockstar's complaint accuses HTC's "mobile communication devices having a version (or an adaption thereof) of Android operating system" as infringing each of the seven asserted patents. Dkt. Nos. 1, 23 at ¶¶ 18, 28, 44, 59, 74, 89, 104; *see also,* ND Cal Opinion at 19. Chief Judge Wilken made the same observation: "In suing the [Texas] action defendants, [Rockstar] limited their infringement claims to Android-operating devices only, even where they asserted a hardware-based patent."[1]

Further, as Chief Judge Wilken correctly noted, "the relationship between Google and the [Texas] defendants is one of manufacturer and customer." *Id.*, Ex. 11 at 24. For that reason, Chief Judge Wilken gave preference to the ND Cal Android Lawsuit, "[b]ecause the determination of the infringement issues here would likely be dispositive of the other cases, and the manufacturer presumably has a greater interest in defending against charges of patent infringement than the customers." *Id*. (citations omitted).

Based on the importance this Court places on judicial economy, and the fact that the ND Cal Android Lawsuit will proceed, judicial efficiency and comity mandate a transfer. *Id.*, Ex. 10.

## II. Key Apple Witnesses and Documents Are Located in N.D. Cal.

There is no dispute that Apple is in N.D. Cal., or that the bulk of relevant documents in

---

[1] Rockstar's infringement contentions identify the same stock Android source code for HTC, Google and the other Texas defendants. Indeed, Rockstar's exhibit directed to a "notification drawer" shows that the HTC and Google drawers are nearly identical and Rockstar offers no reason why any differences that might exist bear in any way on determining issues of infringement. Opp., Budwin Decl., Ex. 26.

2

its possession are located there.  So, too, is Apple's lawyer on the Nortel deal located in N.D. Cal.  Rockstar does not, and cannot, deny these facts.  Rockstar's attempts to dismiss the significance of Apple witnesses is wholly disingenuous.  Apple controlled the purchase of the Nortel patents, including the seven asserted patents, from start to finish.  Apple performed extensive analysis of the patents prior to committing $2.6 billion for their purchase.  Apple's leading role in the purchase and the analysis of the asserted patents goes to heart of this case.  Indeed, Rockstar has admitted that information about the Nortel auction is relevant to this lawsuit.  Opp. at 5.

The public record is clear.  Apple and Rockstar Bidco initially submitted their own bids.  Apple later began staking Rockstar Bidco and together they successfully bid $4.5 billion for the portfolio.  There is no dispute that Apple contributed $2.6 billion (58%) of the purchase price.  *Id*, Ex. 3 at 34; Holbreich Supp. Decl., Ex. 11 at 17.  Public reports confirm that the next largest investor, Blackberry, contributed only $770 million (17%).  *Id*., Ex. 13.  Apple witnesses and documents will provide important insights into the value (if any) of the asserted patents.

### III. Rockstar's Claimed Ties to E.D. Tex. Were Manufactured for this Litigation

Rockstar's claimed Texas ties are manufactured and entitled to no weight in any transfer analysis.  Indeed, Chief Judge Wilken concluded that "the circumstances here strongly suggest that Rockstar formed MobileStar as a sham entity for the sole purpose of avoiding jurisdiction in all other fora except MobileStar's state of incorporation (Delaware) and claimed principal place of business (Texas).  A mere day before it initiated litigation against Google's customers, Rockstar freshly minted MobileStar…and assigned the asserted patents to that subsidiary." *Id.*, Ex. 11 at 9-10.  Rockstar's "primary operations and headquarters are in Canada…. [Rockstar's] argument of their own convenience is similarly attenuated because, again, their operations appear to be based in Canada, not Texas." *Id*. at 27.

Rockstar unsuccessfully tries to cast itself as an E.D. Texas company. It styles itself a Nortel extension, to ride on the fact that Nortel once had Texas facilities, witnesses and documents, but Nortel sold its Texas facilities in 2011 in conjunction with its bankruptcy.[2] *Id.*, Ex. 15. Rockstar points to no likely trial witnesses located in E.D. Texas. In contrast, Rockstar employees with whom HTC had pre-suit communications are all located in Canada or other states. They include John Veschi (Pennsylvania), Erik Fako (North Carolina),[3] Chad Hilyard (Colorado), and Afzal Dean, Liam Casey and Scott Widdowson (all of Canada). Wang Decl., ¶¶ 2-3; Opp., Powers Decl., ¶ 26; Holbreich Supp. Decl., Exs. 16-18. Rockstar states that Donald Powers, Bernard Tiegerman and Mark Hearn live in Texas but not that they will be likely trial witnesses. Opp. at 7.[4] HTC did not deal with any of the Texas witnesses identified by Rockstar and has not identified them as likely witnesses. Wang Decl.; Holbreich Supp. Decl., Ex. 14. Moreover, Rockstar does not claim its witnesses who are willing to travel to E.D. Texas would refuse to travel to N.D. Cal.

**IV.    No HTC Relevant Witnesses Are Located in Texas**

The presence in Texas of Laks Thandu, an HTC technical account manager for one of its customers, does not make him a potential witness. HTC does not plan to call him or any

---

[2] The factors that go into a transfer analysis "are to be decided based on 'the situation which existed when suit was instituted.'" Holbreich Supp. Decl., Ex. 10 [*ContentGuard Holdings* order] at 2.

[3] Rockstar's opposition claims Erik Fako "routinely works out of" Plano, but this is inconsistent with his declaration, which states that he "work[s] from home in North Carolina" and merely "maintain[s] a physical office" in Plano. Fako Decl., ¶ 4.

[4] Those persons identified by Rockstar as based in Texas, such as patent attorneys, office administrative personnel and prior-art inventors are not named as trial witnesses. *See* Holbreich Supp. Decl., Ex. 11 at 25;Budwin Decl., ¶ 3. Likewise, Rockstar board members from Ericsson and Blackberry are not identified as trial witnesses. *See* Opp. at 3 n.8. Nor does Rockstar claim that two former Nortel employees who "reside in or near the EDTX" will be trial witnesses. Opp. at 9.

employee in Texas as a witness, nor does Rockstar state that it will call any of these employees for deposition or trial.  The HTC potential witnesses are located in Washington and Taiwan.  Bariault Decl., ¶ 9, 10, 14-16; Holbreich Supp. Decl. Ex. 14 at 5.  Rockstar does not refute this.[5]

                                          Respectfully submitted,

Dated: April 24, 2014                          K&L GATES LLP

                                        By:  */s/ Michael J. Bettinger*
                                                Michael J. Bettinger (*Pro Hac Vice*)
                                                Lead Attorney
                                                California State Bar No. 122196
                                                mike.bettinger@klgates.com
                                                Curt Holbreich
                                                California State Bar No. 168053
                                                curt.holbreich@klgates.com
                                                Irene Yang
                                                California State Bar No. 245464
                                                irene.yang@klgates.com
                                                **K&L Gates LLP**
                                                4 Embarcadero Center, Suite 1200
                                                San Francisco, California 94111
                                                Telephone:  (415) 882-8200
                                                Facsimile:  (415) 882-8220

                                                Steven G. Schortgen
                                                Texas State Bar No. 00794603
                                                steve.schortgen@klgates.com
                                                **K&L Gates LLP**
                                                1717 Main St.
                                                Suite 2800
                                                Dallas, Texas  75201
                                                214.939.5500
                                                214.939.5849 Facsimile

                                                Attorneys for Defendants
                                                HTC CORPORATION and
                                                HTC AMERICA, INC.

---

[5] Rockstar identifies AT&T and Verizon as having facilities in Texas, but Rockstar has not identified them as trial witnesses or sued them.  Opp. at 10.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court in compliance with Local Rule CV-5(a).  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

>*/s/ Michael J. Bettinger*
>Michael J. Bettinger